**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TRISTIAN DON BOWENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-22-161-R** |
| | ) | |
| **SCOTT CROW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Before the Court is "Petitioner's Objection to Court[']s Order Dismissing Writ of Mandamus for Lack of Jurisdiction; And Objection to Court Dismissing the Petition as a Second or Successive § 2254 Petition" (Doc. No. 18). The Court construes this filing as a motion to alter or amend judgment pursuant to Fed. R. Civ. P.  59(e). *See* Order and Judgment, Doc. Nos. 16, 17. Mr. Bowens argues the Court was incorrect to dismiss his writ of mandamus for lack of jurisdiction because his complaint should not be construed as a 28 U.S.C. § 2254 petition. However, the Court did no such thing. *See* Doc. No. 16. Rather, it found the Court lacked jurisdiction because a federal court cannot compel a state entity or official to perform a duty owed to Petitioner.[1] *See Adkins v. Kan. Comm'n on Judicial Qualifications*, 510 F. App'x 700 10th Cir. 2013). Because Mr. Bowens has not challenged the underlying reasoning behind the dismissal of his action, the Court DENIES his "Objection" construed as a motion under Rule 59(e).

---

[1] The Court found that to the extent any of Mr. Bowens's arguments could be construed as a 28 U.S.C. § 2254 petition, it should be denied as a second or successive petition.

IT IS SO ORDERED this 21st day of July 2022.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE